IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY GREEN                                                                                          PLAINTIFF

v.                                          Civil No. 4:21-cv-04022

STEPHEN GULICK, Parolee Supervisor,
Arkansas Department of Correction                                                                      DEFENDANT

## ORDER

This is a civil rights action filed by Plaintiff Gregory Green pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff is currently an inmate in the Hempstead County Detention Center in Hope, Arkansas. He filed his Complaint on March 15, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff states at the time of the alleged incidents at issue, he was in jail "for an alleged parole violation." (ECF No. 1, p. 3). When asked to provide the date of his conviction or probation or parole revocation he states, "was denied due process and detained per Gulick, from 2/27/19 til 5/29/19." *Id.*

Plaintiff names Stephen Gulick, his "Parolee Supervisor," as the only Defendant in the Complaint. (ECF No. 1, p. 2). Plaintiff asserts three claims and is suing Defendant Gulick in his individual and official capacities. He is seeking compensatory and punitive damages. *Id.* at p. 14.

Plaintiff describes Claim One as a "Denial of Due Process of Law." (ECF No. 1, p. 8). He alleges that the following happened on February 28, 2019:

> Officer Gulick in person placed a Parole Warrant on me at the Hempstead County Jail, for supposedly violating my Parole. But he never returned to visit with me regarding the Alleged Violation, until May 23, 2019 only then to retrieve my Parole Plan which he denied, causing me to be locked up approximately 90 days, which Denied me Due process of law.

*Id.* at p. 9. He describes his official capacity claim as "Gulick was allowed by the Arkansas Community Correction to fabricate a Violation Report against me and submit it to his Superiors without me knowing . . . I believe violated my constitutional rights." *Id.* at p. 10.

Plaintiff describes Claim Two as "Falsifying Documents/Information." (ECF No. 1, p. 10). He specifically claims:

> On February 12, 2019, Officer Gulick, falsified his Violation Report, regarding me, by using three (3) Felony Charges that he knew "were no good" and that I was never Charged with them, further stating in his Report under Result "Incarcerated Pending Trial" when in fact he knew I was a free man, further getting his Supervisor to sign it on 2/27/19, causing me to be held and locked down in the Hempstead County Jail, approximately 90 days.

(ECF No. 1, p. 11). For his official capacity claim, he states "Same As In Claim Number #1." *Id.* at p. 12.

Plaintiff describes Claim Three as "Forgery." (ECF No. 1, p. 12). He alleges that on March 1, 2019, the following happened:

> Defendant Gulick forged his name and the date "to the Notice of Parole Violation Action form and the Waiver of Revocation Hearing form, causing his Supervisor Jason Johnson and the Parole Board to actually believe that I gave up my rights by signing those two (2) Forms, which I never saw or signed, causing me to serve approximately 90 days in jail.

*Id.* at p. 13. Plaintiff describes his official capacity claim as " Same As In Claim Number #1." *Id.* at p. 14.

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being

2

issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff alleges that Defendant Gulick rejected his parole plan thereby denying him due process, falsified a parole violations report, and forged Plaintiff's signature on documents presented to the parole board. (ECF No. 1, pp. 9, 11, 13). However, under *Heck v. Humphrey*, Plaintiff is barred from bringing these claims until his conviction is invalidated by the highest state court or a federal *habeas* proceeding. 512 U.S. 477, 486-87 (1994). The holding in *Heck* is applicable to claims that would imply the invalidity of a parole revocation. *Newmy v. Johnson,* 758 F.3d 1008, 1011-12 (8th Cir. 2014). Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to § 1983 which would undermine or potentially invalidate his criminal charges, convictions, parole violations and subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v.*

*Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Here, Plaintiff has not provided any evidence that his conviction has been invalidated by the highest state court or in federal *habeas* proceeding. Accordingly, Plaintiff's claims against Defendant Gulick are barred by *Heck v. Humphrey* and must be dismissed.

In addition, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the Eighth Circuit held that "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions . . . ." *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

Further, Plaintiff identifies Defendant Gulick as his parole officer. Parole officers are immune from suit. "[T]he extent of immunity accorded an official depends solely on the officials' function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) (citing *Nelson v. Balazic,* 802 F.2d 1077, 1078 (8th Cir. 1986)). The Eighth Circuit has found that parole officers are entitled to either absolute or qualified immunity depending on the function at issue. *Id.* at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision but was akin to a function of police officer); *Anton v. Getty,* 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports). Based on Plaintiff's allegations the Court finds that Defendant Gulick is entitled to either absolute

immunity or qualified immunity.

Finally, any official capacity claim against Defendant Gulick must be dismissed. An official capacity claim brought against an Arkansas state official is treated as a suit against the State of Arkansas. *Kelly v. City of Omaha, Nebraska*, 813 F.3d 1070, 1075 (8th Cir. 2016). "[N]either a state nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, absent a waiver, the Eleventh Amendment bars suit against a state and its officials acting in their official capacities. *Morstad v. Dep't of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). As a parole officer, Defendant Gulick is employed by the Arkansas Division of Community Correction, which is a state agency that is immune from suit. Thus, Plaintiff's official capacity claims against Defendant Gulick are subject to dismissal, either because he is not considered a person under § 1983 or because the Eleventh Amendment bars such claims.

Accordingly, the Court finds that Plaintiff's claims against Defendant Gulick in his individual and official capacities should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant Gulick in his individual and official capacities are **DISMISSED WITH PREJUDICE**.

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 12th day of April, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge